1  Thomas D. Rutledge (SBN 200497)
2  Attorney-at-Law
   500 West Harbor Drive, Suite 1113
3  San Diego, California 92101
   Telephone:   (619) 886-7224
4  Facsimile:    (619) 259-5455
5
6  Attorneys for Plaintiffs ELIZABETH FUENTES, *et al.*

7              UNITED STATES DISTRICT COURT
8
           SOUTHERN DISTRICT OF CALIFORNIA
9

10 ELIZABETH FUENTES, individually,          )        **'17 CV 2178 CAB NLS**
11 and on behalf of herself and others       )
   similarly situated,                       )     **CLASS AND REPRESENTATIVE**
12                                            )     **ACTION COMPLAINT FOR:**
                                             )     1. **Failure to Pay State Overtime**
13           Plaintiffs,                      )        **Wages;**
                                             )     2. **Failure to Pay State**
14                                            )        **Minimum/Regular Wages;**
   vs.                                        )     3. **Failure to Make Payments**
15                                            )        **Within the Required Time;**
                                             )     4. **Violation of Labor Code § 226;**
16 MAXIM HEALTHCARE SERVICES,                 )     5. **Failure to Maintain Required**
   INC., a Maryland corporation; and         )        **Records in Violation of**
17 DOES 1 through 50 inclusive                )        **California Labor Code §§ 1174,**
                                             )        ***et seq.*;**
18                                            )     6. **Remedies Under Private**
                                             )        **Attorney General Act (PAGA**
19           Defendants.                      )        **California Labor Code §§ 2698,**
20                                            )        **2699, *et seq.*); and**
                                             )     7. **Unfair Business Practices (Cal.**
21                                            )        **Bus. & Prof. Code § 17200, *et***
                                             )        ***seq.*)**
22                                            )
23                                            )
24                                            )
25                                            )
26                                            )
27 _____                )
28

**Thomas D. Rutledge**
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone:  (619) 886-7224
Facsimile:  (619) 259-5455

Plaintiff, ELIZABETH FUENTES, on behalf of herself and acting for the interests of other current and former employees ("Represented Employees"), and all other similarly situated individuals (cumulatively "Plaintiffs") allege the following:

## NATURE OF THE ACTION

1.    This is an unpaid wage and hour individual, Class, and representative action brought pursuant to Federal Rules of Civil Procedure Rule 23 and Labor Code Private Attorney General Act ("PAGA"), §§ 2698, 2699 of the California Labor Code.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction over Plaintiffs' claims pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1446, and 1453 because, upon information and belief, the overall damages that can be recovered exceeds $5 million.

3.    Supplemental jurisdiction exists over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4.    The Court has personal jurisdiction over Defendants because Defendants presently and at all times relevant to this action have conducted substantial and continuous commercial activities including maintaining offices in California.

5.    Venue is proper in the Southern District of California pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to this action occurred in this District and because this Court has personal jurisdiction over the Defendants.

## THE PARTIES

6.    Plaintiff ELIZABETH FUENTES is an individual that resides in the County of San Diego, California.

7.    Defendant MAXIM HEALTHCARE SERVICES, INC. ("MAXIM") is a Maryland corporation doing business in the County of San Diego, California.

8.    The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as DOES 3 through 50, are unknown to

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

**Thomas D. Rutledge**
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

Plaintiffs at this time. Plaintiffs therefore sue said Defendants by such fictitious names pursuant to § 474 of the California Code of Civil Procedure. Plaintiffs will seek leave to amend this Complaint to allege the true names and capacities of DOES 3 through 50 when the correct identities are ascertained. Plaintiffs are informed and believe, and based thereon allege, that each of the DOE Defendants is in some manner liable to Plaintiffs for the events and actions alleged herein. All named Defendants and DOES 1 through 50 are collectively referred to as "Defendants."

9.    Plaintiffs are informed and believe, and based thereon allege, that at all times relevant herein, each Defendant was acting as an agent, joint venture, or as an integrated enterprise and/or alter ego for each of the other Defendants, and each was a co-conspirator with respect to the acts and the wrongful conduct alleged herein, so that each is responsible for the acts of the other in connection with the conspiracy and in proximate connection with the other Defendants.

10.    Plaintiffs are informed and believe, and based thereon allege, that each Defendant was acting partly within and partly without the scope and course of their employment, and was acting with the knowledge, permission, consent, and ratification of every other Defendant.

11.    Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants was an agent, managing general partner, managing member, owner, co-owner, partner, employee, and/or representative of each of the Defendants, and were at all times material hereto, acting within the purpose and scope of such agency, employment, contract and/or representation, and that each of them are jointly and severally liable to Plaintiffs and the putative Class for the acts alleged herein.

12.    Plaintiffs are informed and believe, and based thereon allege, that each of the Defendants are liable to Plaintiffs under legal theories and doctrines including but not limited to (1) joint employer; (2) integrated enterprise; (3) agency; and/or (4) alter ego, based in part, on the facts set forth below.

13.    Plaintiffs are informed and believe, and based thereon allege, that each

of the named Defendants are part of an integrated enterprise and have acted or currently act as the employer and/or joint employer of Plaintiffs and Class Members, making each of them liable for the wage and hour violations alleged herein.

## GENERAL ALLEGATIONS

14.   Defendants are in the healthcare business providing labor and services throughout the State of California.

15.   From more than four years before the filing of this Complaint to on or about July 19, 2017, Defendants employed Plaintiff FUENTES in San Diego County as a Licensed Vocational Nurse ("LVN").

16.   Defendants paid Plaintiff and similarly aggrieved employees hourly and considered them nonexempt.

17.   Defendants assigned Plaintiff and similar Class Members a patient(s) whose home(s) Defendants required them to visit to provide medical care of the household member(s) residing at the home.

**Unpaid Wages**

18.   From at least four years before the filing of this action and continuing to the present, and pursuant to company policy and/or practice and/or direction, Plaintiff and the putative Class worked more than 40 hours per week and/or eight hours in a workday but Defendants did not pay all its employees for overtime pay.

19.   On or about December 2, 2016, for example, Defendants paid Plaintiff FUENTES a, upon information and belief, nondiscretionary bonus payment of $76, which money Defendants did not add into Plaintiff's regular rate of pay for overtime pay purpose despite Defendants' requirement under California law. (See § 49.1.1 of the California Division of Labor Standards and Enforcement Policies and Interpretations Manual, "In California, as with the federal FLSA, overtime is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration, for example: hourly earnings, salary, piecework earnings, commissions, *certain bonuses*, and the value of meals and lodging."

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile:   (619) 259-5455

CLASS AND REPRESENTATIVE ACTION COMPLAINT-Fuentes v. Maxim Healthcare Inc., et al.

[Emphasis added.])

20.  Likewise, on or about January 6, 2017, Defendants paid Plaintiff FUENTES a, upon information and belief, nondiscretionary bonus payment of $76, which money Defendants did not add into Plaintiff's regular rate of pay for overtime pay purpose despite Defendants' requirement under California law.

21.  For the pay period ending July 22, 2017, Plaintiff FUENTES' paystub said she worked four hours of overtime, but she was paid only $9.50 for each hour when Defendants should have paid her $28.50 per hour.

**Paystub Claims**

22.  From at least four years before the filing of this action and continuing to the present, and pursuant to company policy and/or practice and/or direction, Defendants issued inaccurate wage and earning statements to the Plaintiff, and upon information and belief, the putative Class, which wage and earning statements failed to identify Plaintiff's correct rates of pay and/or her correct gross and net earnings during the applicable pay period.

23.  During the October 23, 2016 to October 29, 2016 pay period, for example, Defendants issued Plaintiff a wage and earning statement that erroneously indicated Plaintiff's overtime rate of pay was $42.75 per hour when she worked four hours of overtime during this pay period, but her real overtime rate of pay should have shown $28.50.

24.  Similarly, during the October 30, 2016 to November 5, 2016 pay period, Defendants issued Plaintiff a wage and earning statement that erroneously indicated Plaintiff's overtime rate of pay was $42.75 per hour when she worked four hours of overtime during this pay period, but her real overtime rate of pay should have shown $28.50.

25.  Likewise, during the November 6, 2016 to November 12, 2016 pay period, Defendants issued Plaintiff a wage and earning statement that erroneously indicated Plaintiff's overtime rate of pay was $42.75 per hour when she worked four

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

CLASS AND REPRESENTATIVE ACTION COMPLAINT-Fuentes v. Maxim Healthcare Inc., et al.

hours of overtime during this pay period, but her real overtime rate of pay should have shown $28.50.

26.    Similarly, during the November 13, 2016 to November 19, 2016 pay period, Defendants issued Plaintiff a wage and earning statement that erroneously indicated Plaintiff's overtime rate of pay was $42.75 per hour when she worked three and a half hours of overtime, but her real overtime rate of pay should have shown $28.50.

27.    Likewise, during the November 20, 2016 to November 26, 2016 pay period, Defendants issued Plaintiff a wage and earning statement that erroneously indicated Plaintiff's overtime rate of pay was $42.75 per hour when her overtime rate of pay should have shown $28.50 per overtime hour.

28.    These are a few of dozens of similar examples of inaccurate pay stubs.

29.    Plaintiff has no reason to believe she is the only victim to these inaccuracies and she alleges that, upon information and believe, there are numerous similarly situated aggrieved employees

**Facts Relating to Derivative Claims**

30.    Pursuant to the above-mentioned policies, Defendants failed to pay Plaintiffs time and a half for all the overtime hours they worked and/or was not paid all wages to which Plaintiffs were entitled as required by law.

31.    When Defendants terminated Plaintiffs' employment, Defendants failed to provide Plaintiffs and putative Class Members all unpaid wages in their final paycheck or in a timely manner.

32.    To date, Defendants have not paid Plaintiffs all of Plaintiffs' wages due and payable, in an amount to be proven at trial.

## <u>REPRESENTATIVE ACTION (PAGA) CLAIMS</u>

33.    This is a wage and hour representative action filed pursuant to PAGA, §§ 2698, 2699 generally consisting of the following represented group:

**All current or former nonexempt employees who worked in**

**Thomas D. Rutledge**
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile:   (619) 259-5455

**California from October 24, 2016 to the present as or in connection with home caregivers or similar occupations and/or who Defendants issued inaccurate paystubs.**

34.    All members of the represented groups will be referred to as the "Represented Employees."

35.    The "Representative Period" means from **October 24, 2016** to the present, the timeframe where the scope of statute allows Plaintiff to recover wages and penalties.

36.    The duties and business activities of the Represented Employees were essentially the same as the duties and activities of the Plaintiff described above.

37.    At all times during the Class Period, Defendants employed the Represented Employees in the same or similar job as the Plaintiff and were paid in the same manner and under the same standard employment procedures and practices as the Plaintiff.

38.    On information and belief, current and former employees of Defendants were subject to Labor Code violations by Defendants, including but not limited to failing to be paid for all wages due.

39.    California law provides that an employee may file an action against an employer for penalties for violations of the Labor Code and Wage Orders provided the aggrieved employee files an action on behalf of him or herself and similarly situated current and former employees.

40.    At all material times, Defendants were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

41.    As set forth in further detail below, Plaintiffs' attorneys sent letter(s) to the California Labor and Workforce Development Agency (the "LWDA") and to Defendants informing Defendants of their claims and intent to pursue litigation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

42.    As to penalty claims under the Private Attorney General Act, on **October 24, 2017**, Plaintiffs, via counsel, sent the statutorily required correspondence to the LWDA via certified U.S. Mail, indicating Plaintiffs' intention of pursuing the claims alleged in this Complaint.

43.  The statutory period for Plaintiffs has not expired for the letter(s)/correspondence alleged above and the LWDA did not serve Plaintiffs with notice of intent to assume jurisdiction over the applicable penalty claims and did not provide notice as set forth in Labor Code § 2699.3 (a)(2)(A) within the statutory period.

44.    Therefore, once the statutory period expires, Plaintiffs will have exhausted Plaintiffs' administrative remedies to pursue claims and remedies as authorized by PAGA.

45.    The Causes of Action alleged herein are appropriately suited for a Representative Action under PAGA (Labor Code § 2698, *et seq*.) because:

  a.  This action involves allegations of violations of provisions of the California Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any departments, divisions, commissions, boards, agencies or employees;

  b.  Plaintiff FUENTES is an "aggrieved employee" because Plaintiff FUENTES was employed by the alleged violator and had one or more of the alleged violations committed against them; and

  c.  Plaintiff has satisfied the procedural requirements of Labor Code § 2699.3, as set forth above.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile:  (619) 259-5455

1

## CLASS ACTION ALLEGATIONS

2   46.    Plaintiffs bring this action on behalf of herself and all others similarly

3   situated as a Class Action pursuant to § 382 of the Code of Civil Procedure.

4   47.    Plaintiffs seek to represent a class composed of and defined as follows:

5   **Class No. 1**

6   **All California-based employees who at any time from October 24, 2013**

7   **to the present ("Class Period") received paystubs from the Defendants**

8   **in violation of § 226 of the Labor Code.**

9   **Class No. 2**

10   **All California-based nonexempt employees who at any time from**

11   **October 24, 2013 to the present ("Class Period") worked as or worked**

12   **with homecare givers or jobs with similar titles (the "Class Members").**

13   48.    Plaintiffs also seek to represent the following subclasses composed of

14   and defined as follows:

15   **Minimum/Regular Wage Subclass:** All Members of the Plaintiff Class
16   who during the relevant period, worked for Defendants less than eight
     hours per day and/or less than 40 hours per week.

17   **Overtime Subclass:** All Members of the Plaintiff Class who, during the
18   relevant period, worked for Defendants more than eight hours per day
19   and/or more than 40 hours per week.

20   **Waiting Time Penalty Subclass:** All Members of the Plaintiff Class who
21   worked for Defendants during the applicable limitations period, but were
     terminated and/or resigned.
22
     **Wage Statement Subclass:** All Members of the Plaintiff Class who,
23   during the applicable statute of limitations period, worked for Defendants
24   and received inaccurate itemized wage statements.

25   **Recordkeeping Subclass:** All Members of the Plaintiff Class, whose
26   records, during the applicable statutory period, Defendants failed to
     maintain per the requirements of California law.
27
     **UCL Subclass:** All Members of the Plaintiff Class, who, during the
28   relevant period, are owed restitution because of Defendants' uniform pay

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile:  (619) 259-5455

CLASS AND REPRESENTATIVE ACTION COMPLAINT-Fuentes v. Maxim Healthcare Inc., et al.

**Thomas D. Rutledge**
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

policies and procedures.

49.   Plaintiffs reserve the right under the California Rules of Court, to amend or modify the class description with greater specificity or further division into subclasses or limitation to particular issues.

50.    This action is brought and may properly be maintained as a Class Action under the provisions of § 382 of the Code of Civil Procedure because there is a well-defined community of interest in the litigation and the proposed Class Members are easily ascertainable.

### A.    <u>Numerosity</u>

51.    The potential members of the Class as defined are so numerous or many, that joinder of all the members of the Class is impracticable.

52.    While the precise number of Class Members has not been determined at the time, Defendants currently employ, and during the relevant time periods employed, over 100 Class Members.

53.    Accounting for employee turnover during the relevant periods necessarily increases the number substantially.

### B.    <u>Commonality</u>

54.    There are questions of law and fact common to the Class that predominates over any questions affecting only individual Class Members.

55.    Common questions of law and fact include, without limitation and subject to possible further amendment, the following:

      a. Whether Defendants' policy or practice of not paying Plaintiff and putative Class Members overtime compensation for the hours they worked over 40 in a workweek or eight hours in a day is illegal under Labor Code §§ 510, 1194, and the applicable Wage Order;

      b. Whether Defendants violated the Labor Code by not fully compensating Plaintiff and the Class by failing to pay state

**Thomas D. Rutledge**
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

minimum/regular/contract wages as required by law;

c. Whether Defendants' policy or practice of not paying hourly employees all their wages due in their final paychecks immediately upon involuntary termination or when 72 hours' notice was provided before voluntary resignation, is unlawful under Labor Code §§ 201, 202 and/or 203;

d. Whether Defendants violated Labor Code §§ 226 by not providing accurate paystubs;

e. Whether Defendants violated Labor Code §§ 1174 by not maintaining required personnel records; and

f. Whether Plaintiff and the members of the Class are entitled to remedies pursuant to Business & Professions Code §§ 17200, *et seq.*

**C.    Typicality**

56.    Plaintiffs' claims are typical of the claims of the Class because Plaintiff FUENTES and all members of the proposed Plaintiff Class and subclasses sustained similar injuries and damages arising out of and caused by Defendants' common course of conduct and policies in violation of laws, regulations that have the force and effect of law and statutes as alleged herein.

**D.    Adequacy of Representation**

57.    Plaintiff FUENTES does not have any conflicts of interest with other Class Members, and will prosecute the case vigorously on behalf of the Class.

58.    Counsel representing Plaintiff FUENTES and the putative Class are competent and experienced in litigating employment class actions, including wage and overtime class actions.

59.    Plaintiff FUENTES will fairly and adequately represent and protect the interests of the Class Members.

**E.    Superiority of Class Action and Manageability**

60.    A class action is superior to other available means for the fair and

efficient adjudication of the controversy because individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class.

61.    Each Class Member has been damaged or suffered injury and is entitled to recovery because of Defendants' illegal policies and/or practices.

62.    Class Action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

63.    Plaintiff is unaware of any difficulties that are likely to be encountered in the management of her action that would preclude maintenance as a Class Action.

64.    At the appropriate time, Plaintiffs will present a trial methodology and plan that will streamline the action, base liability and damages on common evidence and common modes of proof through Defendants' corporate records, testimony of corporate common policy and practices, representative evidence, sampled and presented in a manner consistent with recognized scientific and statistical principles.

65.    Such methodology may include bifurcation of liability and damages, the use of professionally administered survey evidence, seeking adjudication of class-wide legal issues of particular claims or preliminary factual issues and other methods and proposals to manage class-wide determinations common to all persons in the proposed Plaintiff Class.

66.    For the reasons alleged in this Complaint, this action should be certified as a Class Action.

## FIRST CAUSE OF ACTION

### Individual and Representative Claim for

### Failure to Pay State Overtime and/or Double-Time Compensation in

### Violation of California Labor Code §§ 510, 1194, 1194.2, and

### § 3(A) of the applicable Wage Order

(Against all Defendants)

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

67.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

68.   California law requires an employer to pay each employee accurately. If hourly, the employer is required to compensate the employee for the actual hours worked. (*See* Cal. Labor Code §§ 200, 226.)

69.   During all times relevant, an IWC Wage Order applied to Plaintiffs' employment with Defendants.

70.   Pursuant to the applicable Wage Order, most likely § 2(K), "hours worked" include the time during which an employee is "suffered or permitted to work, whether or not required to do so."

71.   For each hour (or fraction thereof) an employee works up to forty (40) hours in a week and eight (8) hours in a day, the employer must pay the employee's regular hourly wage.  For each hour (or fraction thereof) an employee works over forty (40) hours in a week or in excess of eight (8) hours in a workday the employer must pay the rate of one and a half times the employee's regular hourly wage.

72.   For each hour (or fraction thereof) an employee works in excess of twelve (12) hours in one day or in excess of eight (8) hours a day on the seventh consecutive day of work, the employee must be compensated at the rate of no less than twice the regular rate of pay for that employee.

73.   According to § 49.1.1 of the California Division of Labor Standards and Enforcement Policies and Interpretations Manual, "In California, as with the federal FLSA, overtime is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration, for example: hourly earnings, salary, piecework earnings, commissions, *certain bonuses*, and the value of meals and lodging." (Emphasis added.)

74.   From at least four years before the filing of this action and continuing to the present, and pursuant to company policy and/or practice and/or direction, Defendants required Plaintiff and the putative Class to work more than 40 hours per

**Thomas D. Rutledge**
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

week and/or eight hours in a workday and Defendants did not pay Plaintiff and the putative Class all overtime compensation to which they should have received.

75.    At all material times, Defendants were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code §§ 558 and 558.1, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

76.    In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Represented Employees for all wages earned and all hours worked.

77.    As a direct result, Plaintiff, the Represented Employees, and the Putative Class have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to full perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

78.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated the overtime provisions of the Labor Code, including but not limited to §§ 510, 558 and 1194,  the exact amount of the penalties sought is in an amount to be shown according to proof at trial.

79.    Additionally, pursuant to Labor Code § 2699, Plaintiffs seek to recover from Defendants, and each of them, penalties, attorneys' fees, and costs incurred herein.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone:  (619) 886-7224
Facsimile:  (619) 259-5455

80.   Based on the misconduct alleged in this Complaint, Plaintiff and similarly situated members of the Class have suffered damages in an amount to be proven at trial.

81.   Plaintiffs on behalf of themselves and the Class request the unpaid wages, all penalties to which they are entitled, interest, attorneys' fees, costs, liquidated damages, and any other remedies allowed by law in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

**Individual and Representative Claim for**

**Failure to Pay State Minimum/Regular Wages in Violation of**

**California Labor Code §§ 216, 218, 218.5, 223, 225.5, 1182.12, 1194,**

**1194.2, 1197, 1197.1, 1198, and the applicable IWC Wage Order**

(Against all Defendants)

82.   Plaintiffs re-allege and incorporates by reference the foregoing allegations as though set forth herein.

83.   Pursuant to Labor Code §§ 216, 218, 218.5, 223, 225.5, 1182.12, 1194, 1194.2, 1197, 1197.1 and 1198, it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission ("IWC") Wage Order.

84.   During all times relevant, Defendants agreed to pay Plaintiffs their respective hourly rate for all hours worked.

85.   During all times relevant, IWC Wage Order No. 4-2001 applied to Plaintiffs' and the Class Members' employment with Defendants.

86.   Pursuant to the applicable Wage Order, "hours worked" include the time during which an employee is "suffered or permitted to work, whether or not required to do so."

87.   Under state law, every employer was required to pay each employee $8.00 per hour effective January 1, 2008 until July 1, 2015, at which time the required minimum wage pay increased to $9.00 per hour and increased again to

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

$10.00 per hour effective January 1, 2016, and is presently effective unless the rate is higher as required under local law.

88.    During all times relevant, Defendants promised to pay Plaintiff and the putative Class Members a regular rate of pay higher than the minimum wage rate required under California law under most circumstances.

89.    During all times relevant, Defendants did not pay Plaintiff and the putative Class minimum/regular wages for all hours suffered or permitted to work in violation of state law.

90.  Labor Code § 1194.2, subdivision (a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

91.    At all material times, Defendants were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code §§ 558 and 558.1, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

92.    In committing the violations of state law as herein alleged, Plaintiff is informed and believe based there upon allege that Defendants have knowingly and willfully refused to perform their obligations to compensate Represented Employees for all wages earned and all hours worked.

93.    As a direct result, Represented Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

CLASS AND REPRESENTATIVE ACTION COMPLAINT-Fuentes v. Maxim Healthcare Inc., et al.

limitations of this Court.

94.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated the minimum wage and/or regular wage provisions of the Labor Code, including but not limited to §§ 216, 218, 218.5, 558, 1182.12, 1194, 1194.2,  and 1197, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

95.    Additionally, pursuant to Labor Code § 2699, Plaintiffs and Class Members seek to recover from Defendants, and each of them, penalties, attorneys' fees and costs incurred herein.

96.    Upon information and belief, Class Members including Plaintiff should have received minimum/regular wages in a sum according to proof during all times relevant to this action.

97.    Upon information and belief, Defendants intentionally failed and refused, and continue to fail and refuse, to pay Class Members including Plaintiff minimum wages for all time suffered or permitted to work including but not limited to commute time.

98.    Plaintiffs on behalf of themselves and the Class request the recovery of the unpaid minimum wages, all penalties to which they are entitled, liquidated damages, interest, attorneys' fees, and costs in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**Individual and Representative Claim for**

**Failure to Pay Timely Earned Wages during Employment and**

**Upon Separation of Employment in Violation of**

**California Labor Code §§ 201, 201.3, 202, 203, 204**

**and/or 204b, 210, 218.5, and 218.6**

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

**Thomas D. Rutledge**
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7234
Facsimile: (619) 259-5455

(Against all Defendants)

99.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

100.    Pursuant to Labor Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

101.    Pursuant to Labor Code § 202, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

102.    Labor Code § 203 provides, in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. ..."

103.    Pursuant to Labor Code §§ 218.5 and 218.6, an action may be brought for the nonpayment of wages and fringe benefits.

104.    Plaintiff and the Class were not properly paid pursuant to the requirements of Labor Code §§ 201, 202, and/or 201.3 and thereby seek all remedies available to them.

105.    To date, for example, Defendants have not paid Plaintiffs all earned wages as required by law.

106.    Plaintiff is informed and believes and based thereon alleges that Defendants willfully failed to pay Plaintiff's wages pursuant to the requirements of Labor Code §§ 201, 201.3, and 202 after Plaintiff's demand, and therefore Plaintiff and the Class are entitled the associated unpaid wages and waiting time penalties.

107.    Plaintiff is informed and believes and based thereon alleges that

Defendants did this with the intent to secure for himself, herself and itself a discount on its indebtedness and/or with intent to annoy harass, oppress, hinder, delay and/or defraud Plaintiffs.

108.    At all material times, Defendants were and/or are Represented Employees' employers or persons acting on behalf of Represented Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

109.    In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Represented Employees for all wages earned and all hours worked.

110.    As a direct result, Represented Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorney's fees in seeking to compel Defendants to full perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdictional limitations of this Court.

111.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated Labor Code §§ 201, 201.3, 202, and 203, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

112.    Plaintiff and the Class were deprived of their rightfully earned wages as a direct and proximate result of Defendants' failure and refusal to pay said compensation and for the reasons alleged in this Complaint.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

113.    Plaintiff and Class Members request the unpaid wages, waiting time penalties, interest, attorneys' fees, costs, damages, and other remedies in an amount to be proven at trial.

## FOURTH CAUSE OF ACTION

### Individual and Representative Claim for

### Violations of California Labor Code §§ 226, 1198,

### and the applicable IWC Wage Order

(Against All Defendants)

114.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

115.    Plaintiff alleges that Labor Code § 226 subdivision (a) requires, in pertinent part, that "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of § 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number…, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . ."  (Labor Code § 226 subdivision (a).)

116.    Upon information and belief, during all times relevant to this action,

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile:  (619) 259-5455

1    Defendants did not provide accurate wage statements throughout the Class Period.

2        117.    Plaintiff alleges that on numerous occasions, an exact amount by which

3    will be proven at trial, Defendants violated various provisions of § 226, including but

4    not limited to subdivisions (a)(1), (a)(2), (a)(4), (a)(5), and (a)(9) by failing to

5    provide Plaintiff and the Class accurate itemized statement in writing accurately

6    showing gross wages earned, total hours worked by the employee, net wages earned,

7    rates of pay, among other things.

8        118.    At all material times Defendants were and/or are Represented

9    Employees' employers or persons acting on behalf of Represented Employees'

10    employer, within the meaning of California Labor Code §§ 558 and 558.1, who

11    violated or caused to be violated, a section of Part 2, Chapter 1 of the California

12    Labor Code or any provision regulating business hours and days of work in any

13    Order of the Industrial Welfare Commission and, as such, are subject to the greater of

14    actual damages and/or penalties for each underpaid employee as set forth in Labor

15    Code § 558.

16        119.    In committing the violations of state law as herein alleged, Defendants

17    have knowingly and willfully refused to perform their obligations to compensate

18    Represented Employees for all wages earned and all hours worked.

19        120.    As a direct result, Represented Employees have suffered and continue to

20    suffer actual damages including substantial losses related to the use and enjoyment of

21    such compensation, wages, lost interest on such monies and expenses and attorney's

22    fees in seeking to compel Defendants to fully perform their obligations under state

23    law, all to their respective damage in amounts according to proof at trial and within

24    the jurisdictional limitations of this Court.

25        121.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

26    a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

27    period for the initial violation and two hundred ($200.00) for each aggrieved

28    employee per pay period for each subsequent violation in which Defendants violated

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

CLASS AND REPRESENTATIVE ACTION COMPLAINT-Fuentes v. Maxim Healthcare Inc., et al.

Labor Code § 226, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

122.   For Defendants' misconduct as alleged in this Complaint, Plaintiff and the Class seek damages including actual damages, penalties, costs and attorneys' fees pursuant to Labor Code §§ 226, 226.3, and 226.6 in an amount to be proven at trial.

123.   For Defendants' misconduct as alleged herein, Plaintiff and the Class seek attorneys' fees, costs, and all penalties to which they are entitled including but not limited to those under §§ 226, 226.3, and 226.6 in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION

**Individual and Representative Claim for Failure to**

**Maintain Required Records in Violation of California**

**Labor Code §§ 1174, 1174.5, 1175, 1198,**

**and/or the Applicable Wage Order**

(Against Defendant MAXIM and DOES)

124.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

125.   The applicable IWC Wage Order, presumably § 7 requires every employer to maintain time and payroll records.

126.   Plaintiffs are informed and believe and based thereon allege that during all times relevant, Defendants failed to comply with § 7 of the applicable IWC Order(s) and with Labor Code § 1174 by failing to maintain certain records which employers are required to maintain, including but not limited to, keeping records evidencing each and every hour worked by Plaintiffs and the Class.

127.   For the reasons alleged herein, Plaintiffs seek any and all available remedies in an amount to be proven at trial including but not limited to damages, penalties, attorneys' fees and costs, and interest pursuant to law including but not limited to Labor Code §§ 1174.5 and 1175.

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

## SIXTH CAUSE OF ACTION

**Individual and Representative Claim for PAGA Penalties and Wage**

**Under California Labor Code §§ 2698, 2699, *et seq.* for Violations of California**

**Labor Code §§ 201, 201.3, 202, 203, 204 and/or 204b, 218.5, 223, 225.5, 226, 510,**

**558, 558.1, 1174, 1194, 1194.2, 1197, 1197.1, 1198, and**

**the Applicable Wage Order**

(Against all Defendants)

128.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

129.    Pursuant to law, Plaintiffs provided written notice to the LWDA and Defendants of the specific violations of the California Labor Code Defendants have violated and continue to violate.

130.    Pursuant to Labor Code § 2699.3 and by the time an amended complaint is filed, no response was likely received from the LWDA within 65 days of the postmark date of the above-referenced written notice.

131.    Plaintiffs therefore will have exhausted all administrative procedures required of them under Labor Code §§ 2698, 2699, and 2699.3, and, as a result, are justified as a matter of right in bringing forward this cause of action and are entitled to pursue penalties in a representative action for Defendants' violations of the Labor Code.

132.    Pursuant to Labor Code § 2699, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

133.    Plaintiff FUENTES is an "aggrieved employee" because Plaintiff FUENTES was employed by the alleged violator and had one or more of the alleged

1    violations committed against Plaintiff FUENTES, and therefore is properly suited to

2    represent the interests of other current and former Represented Employees.

3        134.    Because of the acts alleged above, Plaintiff FUENTES, on behalf of

4    herself and others, seek penalties under Labor Code §§ 2698 and 2699 because of

5    Defendants' violation of numerous provisions of the California Labor Code as

6    alleged in this Complaint.

7        135.    Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

8    penalties for violating the Labor Code.

9        136.    Labor Code § 558 establishes a civil penalty as follows: Any employer

10    or other person acting on behalf of an employer who violates, or causes to be

11    violated, a section of this chapter or any provision regulating hours and days of work

12    in any order of the Industrial Welfare Commission (including the "Hours and Days of

13    Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any

14    initial violation, fifty dollars ($50) for each underpaid employee for each pay period

15    for which the employee  was underpaid in addition to an amount sufficient to recover

16    underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for

17    each underpaid employee for each pay period for which the employee was underpaid

18    in addition to an amount sufficient to recover underpaid wages; and (3) wages

19    recovered pursuant to this section shall be paid to the affected employee.

20        137.    Plaintiffs seek penalties for Defendants' conduct as alleged herein as

21    permitted by law.

22        138.  Specifically, Plaintiffs seek penalties under Labor Code § 2699, for the

23    following Violations of California Labor Code: §§ 201, 201.3, 202, 203, 204 and/or

24    204b, 218.5, 223, 225.5, 226, 510, 558, 558.1, 1174, 1194, 1194.2, 1197, 1197.1,

25    1198, and the Applicable Wage Order.

26        139. Pursuant to Labor Code § 2698, *et seq.*, Plaintiffs seek to recover

27    attorney's fees, costs, civil penalties, and wages on behalf of Plaintiffs and other

28    current and former Represented Employees as alleged herein in an amount to be

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

shown according to proof at trial and within the jurisdictional limits of this Court.

## SEVENTH CAUSE OF ACTION

### Violations of California Business and Professions Code § 17200, *et seq.*

(Against All Defendants)

140.    Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

141.    Defendants are "persons" as defined under Business and Professions Code § 17021.

142.    Plaintiff alleges that Defendants committed the unfair business practices, as defined by Cal. Bus. & Prof. Code § 17200, *et seq.*, by violating the laws alleged to have been violated in this Complaint and which allegations are incorporated herein by reference and which allegations include, but are not limited to:

      a. Failing to provide the Class and Plaintiff an accurate itemized wage statement in violation of § 226 of the Labor Code; and

      b. Failing to pay the Class and Plaintiff all wages due and owing including minimum wages and overtime compensation in violation of state law.

143.    Defendants' conduct, as alleged above, constitutes unlawful, unfair, and fraudulent activity prohibited by Business and Professions Code §§ 17200, *et seq.*

144.    Plaintiff has suffered injury in fact, lost money or property because of the aforementioned unfair competition and, as such, seeks restitution and any other remedies permitted by law from the Defendants.

145.    Because of their improper acts, Defendants, and each of them, have reaped and continue to reap unfair benefits and illegal profits at the expense of Plaintiff and other employees and former employees of Defendants, and each of them.

146. Defendants, and each of them, should be made to disgorge these ill-gotten gains and restore to Plaintiff and the Class the wrongfully withheld wages, pursuant

Thomas D. Rutledge
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

to Business and Professions Code §§ 17202 and/or 17203.

147.    Plaintiff and the Class have also incurred and continue to incur attorneys' fees and legal expenses in an amount according to proof at the time of trial and for which they seek compensation pursuant to law including but not limited to Code of Civil Procedure § 1021.5.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    That the Court issue an Order that this action may be maintained as a class action and certify the Class and subclasses herein, appointing the named Plaintiff as representative of all others similarly situated, and appointing the law firms representing the named Plaintiff as counsel for the members of the Class and Subclasses;

2.    For pre-judgment interest as allowed by law;

3.    For all reasonable costs, litigation expenses and attorneys' fees as required by the Labor Code and applicable law;

4.    For damages in an amount according to proof;

5.    For an award of reasonable attorneys' fees and litigation costs as permitted by law;

6.    For all remedies available to Plaintiffs under the applicable Industrial Welfare Commission Order, and Labor Code provisions alleged in this Complaint including an award of unpaid expenses, attorneys' fees, costs, interest, liquidated damages, damages, and penalties according to proof to the extent permitted by law;

7.    For maximum civil penalties available under the Labor Code and the applicable Wage Order as described more particularly in this Complaint, representative PAGA claims;

8.    For an accounting, under administration of Plaintiff and/or the receiver and subject to Court review, to determine the amount to be returned by

**Thomas D. Rutledge**
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone: (619) 886-7224
Facsimile: (619) 259-5455

Defendants, and the amounts to be paid to members of the Class and Plaintiff who are owed monies by Defendants;

9.  For an Order requiring Defendants to make full restitution and payment to the Class due to unfair competition, including disgorgement of their wrongfully withheld reimbursements pursuant to California Business and Professions Code §§ 17203 and 17204;

10. For the creation of an administrative process or constructive trust wherein each injured member of the Class and Subclasses may submit a claim in order to receive his/her money;

11. That Defendants, and or any other proper form of declaratory or equitable relief to the full extent permitted by the UCL; and

12. For such other and further relief that the Court deems just.

LAW OFFICES OF THOMAS D. RUTLEDGE

Dated:  October 24, 2017

By:  _/s/_ Thomas D. Rutledge_____
/s/Thomas D. Rutledge, Esq.
Attorneys for Plaintiffs

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand trial by jury to the extent authorized by law.

LAW OFFICES OF THOMAS D. RUTLEDGE

Dated:  October 24, 2017

By:  _/s/_ Thomas D. Rutledge_____
/s/Thomas D. Rutledge, Esq.
Attorneys for Plaintiffs

**Thomas D. Rutledge**
Attorney-at-Law
500 West Harbor Drive, Suite 1113
San Diego, California 92101
Telephone:  (619) 886-7224
Facsimile:  (619) 259-5455

CLASS AND REPRESENTATIVE ACTION COMPLAINT-Fuentes v. Maxim Healthcare Inc., et al.