UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH FUENTES, individually, and on behalf of herself and others similarly situated,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MAXIM HEALTHCARE SERVICES, INC., a Maryland corporation; and DOES 1 through 50 inclusive,<br><br>　　　　　　　　　　　Defendant. | Case No.: 3:17-cv-2178-CAB-(NLS)<br><br>**ORDER ON MOTION TO TRANSFER**<br>**[Doc. No. 3]** |

This matter comes before the Court on the parties' Joint Motion to Transfer Case to the Central District of California Pursuant to the First-to-File Rule. [Doc. No. 3.] For the reasons set forth below, the Court **GRANTS** the joint motion.

On October 24, 2017, Plaintiff Elizabeth Fuentes filed a putative class action complaint against Defendant in the Southern District of California (the "*Fuentes* Action" ) alleging various wage and hour claims against the Defendant, including failure to pay overtime and minimum wages and related claims, along with a claim for violation of the Private Attorneys General Act ("PAGA"). [Doc. No. 1.]

On January 15, 2016, Plaintiff Maria Duran filed a putative class action complaint (the "*Duran* Action") against Defendant in Los Angeles Superior Court, alleging a single cause of action for violation of PAGA. Defendant removed the action to the Central District of California on February 9, 2017. *See* Case No. 2:17-cv-01072-AB-E, Doc. No. 1. Subsequently, on August 23, 2017, a Third Amended Complaint was filed in the *Duran* Action. The third amended complaint alleges putative class claims against Defendant for failure to pay minimum wages, overtime wages, failure to provide meal and rest periods, violation of Labor Code sections 201-203, unfair competition, and a PAGA claim. *See id.* at Doc. No. 17. On October 27, 2017, Plaintiff Duran filed a notice of pendency of other actions with the Central District, informing the Court of the related *Fuentes* Action. [Doc No. 3 at 6-8.]

After becoming aware of the similarities between their suits, Plaintiffs Fuentes and Duran agreed to consolidate their cases and "request transfer of this case to the Central District under Case Number. 2:17-cv-01072 because the actions are related within the meaning of Local Civil Rule 40.le and g." [Doc. No. 3 at 3:27-4:3.] Further, the parties in the *Fuentes* Action stipulated, agreed and jointly moved that it should be transferred in its entirety to the United States District Court for the Central District of California pursuant to the first-to-file rule so that it can be consolidated with the *Duran* Action. [*Id.* at 3-4.]

Under the first-to-file rule district courts have discretion to dismiss, stay, or transfer a case to another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d 93, 94-95. (9th Cir. 1982). The rule "recognize[s] [the] doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Id.* However, it is "not a rigid or inflexible rule to be mechanically applied but rather to be applied with a view to the dictates of sound judicial administration." *Id.* at 95. In deciding whether to apply the first-to-file rule, courts analyze three factors, namely: "the chronology of the lawsuits, similarity of the parties, and similarity of issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Circuit). If the rule applies, the court in which the second suit was

filed may transfer, stay or dismiss the proceeding in order to allow the court in which the first suit was filed to decide whether to try the case. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628-29 (9th Cir. 1991).

Upon consideration of the factors to be contemplated in deciding whether to apply the first to file rule, the Court finds they weigh in favor of transfer of the *Fuentes* Action to the Central District. Here, Plaintiff Duran filed her lawsuit over a year before Plaintiff Fuentes, with the governing complaint in the Central District being filed only a couple of months before the complaint filed in the *Fuentes* Action. Furthermore, Plaintiff Fuentes stipulation to join the Central District suit will result in all parties being present in the *Duran* Action. Additionally, the action in the Central District will resolve the myriad of related, if not identical, labor and employment issues raised in both actions.

In light of the above, and the parties in the *Fuentes* action joining in the current motion, the Court chooses to apply the first-to-file rule. According, the Court **GRANTS** the joint motion and **TRANSFERS** this action to the Central District. Upon transfer, the parties may request permission from the Honorable Andre Birotte Jr., to consolidate this matter with the *Duran* action.

**IT IS SO ORDERED**.

Dated: December 8, 2017

_____
Hon. Cathy Ann Bencivengo
United States District Judge